**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JO-ANN MARCHELLE BROOKS,

      Plaintiff,

vs.                                              Case No. 3:09-cv-379-J-32HTS

CSX TRANSPORTATION, INC.,
CSX INTERMODAL, GARY GAMBLE,
(in his official capacity as manager of
CSX and individually), LUCIE BAFFORD
(in her official capacity as Human
Resources Manager of CSX), and
STEPHANIE HOWARD (in her official
capacity as manager of CSX),

      Defendants.

## **ORDER**[1]

This employment discrimination case is before the Court on Defendants' Motion To Dismiss Plaintiff's Complaint (Doc. 5), to which plaintiff has responded. (Doc. 8.)

**I.    The Complaint**

Plaintiff Jo-Ann Marchelle Brooks ("Brooks") has filed an eight-count Complaint naming as defendants CSX Transportation Inc., CSX Intermodal, "Gary Gamble"[2] "in his official capacity as Manager of CSX and individually," and Lucie Bafford and Stephanie

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it is intended to decide the matter or motion addressed herein and is not intended for official publication or to serve as precedent.

[2] Defendants state that the correct spelling of this individual's name is Gary Gambill. (Doc. 5 at 1.)

Howard, both in their "official" capacities as managers of CSX. (Doc. 1 at 1.) The Complaint alleges that Brooks is a 51-year old African American woman who identifies herself as "a former employee of Corporate defendants CSX Transportation and CSX Intermodal" which she lumps together as "a Corporation engaged in the business of transportation hereinafter ('CSX')." (Doc. 1 (Compl. ¶¶ 1-3).)[3] Brooks was first hired by "CSX" as an "extra clerk" on May 19, 1977. (Id. ¶ 11.) Through the years, Brooks worked as a real estate clerk in Baltimore, Maryland through July 31, 1981; as a Human Resources Department clerk and support clerk; and as a "protected" secretary in the distribution services department from 1986 through 1991. (Id.) In 1992, Brooks relocated to Jacksonville, Florida where she worked as a "pricing analyst, clerk typist, and statistical clerk" in the Pricing Services Department. (Id. ¶ 12.) Brooks earned a college degree and a masters degree in business management in 2002 and 2006 respectively. (Id. ¶¶14, 15.) In 2003, Brown "joined the Human Resources department as a Manpower representative, assisting workers in the field." (Id. ¶ 13.) Brooks alleged that starting in 2005, she applied for promotion a number of times for various positions, but each time was "passed over for a younger less qualified Caucasian or younger candidate." (Id. ¶ 16.) Brooks lists the positions she applied for and did not receive: Staffing Specialist (2005); Human Resources Management Trainee position (March 10, 2006); Logistics Coordinator (October 12, 2006); Staffing Specialist (December 7, 2006); Staffing Specialist (January 26, 2007); Supervisor of Environmental Contracts (February 27, 2007); and Manager-PACS Administration (July 16, 2007). (Id.)

---

[3] Brooks also calls "Corporate Defendant" a "huge company with many departments and thousand [sic] of employees." (Compl. ¶ 23.)

2

Brooks alleged she injured her back on August 15, 2007 while lifting a box of files at work (Id. ¶¶ 17-18.) On August 20, 2007, "without reason," Brooks "was escorted off Defendant's property and suspended for sixty-seven (67) days without pay." (Id. ¶ 19.) She returned to work on October 8, 2007, "and continued to perform her duties as best she could in light of the back injury a few months earlier." (Id. ¶ 20.) On January 16, 2008, Stephanie Howard, Manager of PACS-Administration, informed Brooks that she was "suspended again until further notice." (Id. ¶ 21.) On February 5, 2008, Brooks appeared at "an internal investigation" and "was told that she was caught using defendant equipment to further her own private business without authorization." (Id. ¶ 22.) On February 20, 2008, "without warning the defendant fired Ms. Brooks." (Id. ¶ 21.) "According to the defendant she was complaining too much about back pain." (Id.)

Brooks alleged she has satisfied all procedural and administrative requirements prior to fling suit, filing "a timely charge of discrimination with appropriate state fair employment practice agencies" and with the United States Equal Employment Opportunity Commission (EEOC), and that she received a "Notice of Right to Sue" letter from the EEOC. (Id. ¶ 26.)

Brooks mentioned several individuals in the general allegations of her complaint. She alleged that Stephanie Howard, an Asian American with less than seven years with the company was promoted in 2007 over Brooks, and that Howard was "the manager" who informed Brooks on January 16, 2008 she was suspended. (Id. ¶¶ 8, 21, 30a.) Brooks alleged she complained to "Lucie Bradfford," "an employee of CSX who was the director of Human Resources," about alleged discriminatory treatment that occurred "in 2007" and that "Bafford" disregarded her complaint and failed to investigate. (Id. ¶¶ 6, 30b, 30d.) A third

3

person, "Gary Gamble" was identified as "an employee of CSX who was plaintiff's supervisor." Plaintiff alleged that "Gary Gambill . . . continues to discriminate against Ms. Brooks by failing to promote her based on her race and age." (Id. ¶¶ 4, 30f.)

Brooks sets forth the following eight counts, brought against "Defendants," "Defendant," and/or "CSX":

Count I: "Violation of 42 USC § 12102 The American With Disability Act Of 1990"

Count II: "Failure To Promote"

Count III: "Violation Of 42 U.S.C. § 2000e Race Discrimination""

Count V: "Violation Of The Age Dsicrimination [sic] In Employment Act Of 1967"[4]

Count VI: "Discriminatory Discharge"

Count VII: "Violation Of The Family Leave Act"

Count VIII: "Violation Of The Florida Civil Right [sic] Act"

Count IX "Intentional Infliction Of Emotional Distress"

## II. Discussion

### A. Pleading Deficiencies

Defendants present a number of arguments why these counts should be dismissed. However, the Court is unable to address plaintiff's claims substantively because Brooks has pleaded these eight counts in a manner that falls squarely within the Eleventh Circuit's repeated condemnation of "shotgun pleadings." Davis v. Coca-Cola Bottling Co. Consol.,

---

[4] There is no "Count IV."

516 F.3d 955, 979-80 & n.54 (11th Cir. 2008)(since 1985, the Eleventh Circuit has "explicitly condemned shotgun pleadings upward of fifty times").

This is a classic and impermissible "shot gun" complaint, failing to comply with Rules 8 and 10, Federal Rules of Civil Procedure, as well as with the legal standards to be met in order to survive a motion to dismiss.[5]  While Rule 8 requires only that a pleading contain "a short plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), it requires that the "'the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997)(citation omitted).  Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action."  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006)(emphasis omitted).  Whether a complaint gives reasonable notice is a question of law. Evans, 131 F.3d at 964 n.2.

Rule 10, provides:

> If doing so would promote clarity, each claim founded on a

---

[5]  When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations as true and construe them in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  Although it must accept well-pleaded facts as true, the court is not required to accept plaintiff's legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, 'but we are not required to draw plaintiff's inference.'" Sinaltrainal v. Coca-Coca Co., __ F.3d __, 2009 WL 2431463, at *3 (11th Cir. Aug. 11, 2009)(quoting Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).

5

> separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b); see Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)(referring to Rule 10(b)'s requirement that discrete claims should be pleaded in separate counts). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted).

Here, plaintiff sets forth a litany of general allegations in a "factual background" section (Compl. ¶¶ 11-34) and applies all of the allegations to every claim - "Plaintiff re-alleges each and every allegation above [as] set forth herein" (Id. ¶¶ 35, 38, 41, 45, 49, 53, 57, 64) - regardless of whether the allegation is indeed relevant to that claim. See e.g. Magluta, 256 F.3d at 1284; Anderson v. Dist. Bd. of Trustees of Central Fla. Community College, 77 F.3d 364, 365-66 (11th Cir. 1996).

Brooks provides no description of what conduct in the incorporated paragraphs constitutes the conduct supporting the cause of action, making it impossible to determine the factual basis for each claim. See Corbitt v. Home Depot U.S.A., Inc., 573 F.3d 1223, 1253 (11th Cir. 2009). The Complaint fails to specify which claim is brought against which defendant, or to align specific conduct with each claim and defendant. Rather the eight claims are brought against "Defendant," Defendants" and/or "CSX," and each merely recite

the bare conclusory statement that the defendant's/defendants'/CSX's failure to promote/discharge was because of Brooks' disability/race/age, and nothing more. Plaintiff treats two defendants - CSX Transportation Inc. and CSX Intermodal - as one, despite defendants' corporate disclosure statement which represents that "CSX Transportation, Inc. and CSX Intermodal are wholly owned subsidiaries of CSX Corporation." (Doc. 10.) Further, some counts appear to repeat each other; specifically, Count II: "Failure to Promote" and Count VI: "Discriminatory Discharge" are more properly embodied by plaintiff's various statutory claims. Furthermore, the bare-bones claims for relief are laced with conclusory references to "outrageous conduct," age and race discrimination, "harassment and discrimination," and "hostile work environment," without reference to specific instances or conduct. The result is confusion both for the defendants in trying to frame a responsive pleading, and for the Court in trying to determine the scope of plaintiff's claims. See Davis, 516 F.3d at 982; Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.10 (11th Cir. 2002).

The Eleventh Circuit has instructed courts to *sua sponte* strike a pleading that falls within this category if the defendant fails to request a repleader. See Fed. R. Civ. P. 12(e); see also Davis, 516 F.3d at 984; Magluta, 256 F.3d at 1284-85. Brooks must re-draft her complaint to describe in sufficient detail allegations of particular conduct by a particular defendant in connection with each cause of action, specifying (1) which defendant or defendants each cause of action is asserted against, including distinguishing between defendants CSX Transportation, Inc. and CSX Intermodal; (2) what factual allegations form the basis of each claim against each defendant; and (3) each legal theory upon which she

asserts liability against each defendant.

### B. Substantive Deficiencies

Upon review of Brooks' complaint, it appears that several substantive deficiencies may preclude Brooks' ability to state a particular claim.

#### 1. Individual Liability

Plaintiff names one of the defendants, Gary Gambill (misspelled as "Gamble" in the style of the Complaint) "individually." (Doc. 1.) Individual defendants are not amenable to private suit and personal liability for employment discrimination under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Albra v. Advan, Inc., 490 F.3d 826, 829-30 (11th Cir. 2007); see also Dearth v. Collins, 441 F.3d 931, 933 (11th Cir. 2006)(relief under Title VII is available against only the employer and not against individual employees regardless of whether the employee is a public entity or a private company); Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1172 (11th Cir. 2003)(individual liability precluded for violation of ADA anti-discrimination provision in employment); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996)(ADA does not provide for individual liability, only for employer liability); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995)(individual defendants could not be held liable in their individual capacities under the ADEA or Title VII); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991)(individual capacity suits under Title VII are inappropriate; relief is to be found from the employer). Any claims seeking to impose individual liability pursuant to these statutes are properly dismissed as a matter of law.

Brooks also names defendants Gambill, Bafford and Howard, all managers or supervisors with "CSX," in their official capacities. The proper method for a plaintiff to recover under Title VII, the ADEA, and the ADA is by suing the employer either by naming the supervisory employees as agents of the employer or by naming the employer directly. A suit under Title VII, ADEA and ADA brought against an employee as agent of the employer is regarded as a suit against the employer itself. Cross v. State of Ala. Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1504 (11th Cir. 1995); Busby, 931 F.2d at 772. Where the employer is named (and here, Brooks' employer is not specified), it then becomes unnecessary and redundant to name the supervisors or managers in their official capacities as defendants in the statutory discrimination claims because only the assets of the employer are available to satisfy a plaintiff's claim and no additional relief may be obtained by naming the individuals in their official capacities. See e.g. Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp.2d 1260, 1267 (M.D. Ala. 2008)(official capacity Title VII and ADEA suit against individual defendants dismissed where employer named as defendant); Marshall v. Miller, 873 F. Supp. 628, 632 (M.D. Fla. 1995)(dismissing Title VII claims against individuals in their official capacities as superfluous where sheriff is named as a defendant and represents the department). Further, Brooks' complaint mentions the three individual defendants only in passing and it is not clear what basis for liability, if any, exists as to these individuals. As currently pleaded, Brooks does not present a cognizable claim under any theory against these individual defendants.

### 2. Scope of the EEOC Charge

"The starting point of ascertaining the permissible scope of a judicial complaint

9

alleging employment discrimination is the administrative charge and investigation." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000), overruled on other grounds 338 F.3d 1304 (11th Cir. 2003); 41 U.S.C. § 2000e-5. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." Alexander, 207 F.3d at 1332. "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (internal quotation marks and citation omitted); see also Gregory v. Ga. Dep't of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004). Although judicial claims that "'amplify, clarify, or more clearly focus'" the allegations in the EEOC charge are permitted, the Eleventh Circuit has cautioned "that allegations of new acts of discrimination are inappropriate." Gregory, 355 F.3d at 1279-80. Determination of whether plaintiff exhausted her administrative remedies with the EEOC is a legal determination for the Court. Id. at 1280.

Brooks' Charge of Discrimination, dated June 17, 2008, contends she was discriminated against on the basis of race and age, and that she was retaliated against. (Doc. 5-5.)[6] Brooks named CSX Transportation as her employer who discriminated against

---

[6] Defendants attached Brooks' Charge of Discrimination to their motion to dismiss. While ordinarily exhibits would not be a part of the record under review for dismissal under Fed. R. Civ. P. 12(b)(6) unless they were attached to the complaint, see Harris v. Ivax Corp., 182 F.3d 799, 802 n.2 (11th Cir. 1999), the EEOC charge is not in dispute, is central to the Complaint and is directly referenced. (Compl. ¶ 26.) Accordingly, the Court may properly consider it on a motion to dismiss. Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); Harris, 182 F.3d at 802 n.2; Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); see also Lambert v. Ala. Dept. of Youth Servs., 150 F. App'x 990, 991, 992 (11th Cir. 2005)(EEOC charge of discrimination attached to motion to dismiss and considered); U.S.E.E.O.C. v. Stock Bldg. Co., No.

10

her. Brooks alleged "I was denied promotion to various positions and I was terminated from my position of Manpower Representative with CSX Transportation, effective February 19, 2008." (Id.) She cited alleged conduct by Stephanie Howard in connection with Brooks' termination. Brooks stated that she believed her termination was "because of my race, black, age, fifty and in retaliation for opposing discriminatory practices in the workplace," in violation of local ordinances, state law (FCRA), Title VII, and the ADEA. (Id.)

Because Florida is a deferral state (with a state agency equivalent to the EEOC), Powell was required to file a Charge of Discrimination within 300 days of the last discriminatory act alleged in order to timely exhaust her administrative remedies and bring suit on the basis of that action. E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002); see also Freytes-Torres v. City of Sanford, 270 F. App'x 885, 890 n.1 (11th Cir. 2008). Brooks filed her EEOC charge on June 17, 2008. Thus, the discrete acts of alleged discrimination by her employer must have occurred on or after August 22, 2007. Though Brooks did not check the "continuing action" box on the EEOC form, the Court is not prepared at this posture to comment upon whether all of the alleged instances of failure to promote, starting in 2005, can form the basis of Brooks' action alleging age and race discrimination in violation of ADEA and Title VII. See Gregory, 355 F.3d at 1280 (applying liberal reading of EEOC charge, and permitting judicial action on matters "inextricably

---

205CV306FTM29DNF, 2006 WL 462596, at *1 n.1 (M.D. Fla. Feb. 27, 2006)(considering charge of discrimination attached to the briefs)(unpublished opinion). Alternatively, when considering a motion to dismiss, the Court may take judicial notice of the contents of relevant public records. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999).

intertwined" with those acts administratively complained of).  The same cannot be said for Brooks' complaint filed here alleging a "hostile work environment" and "harassment" which was not included, nor could it be reasonably inferred from Brooks' EEOC Charge of Discrimination.

Further, Brooks' EEOC charge of discrimination makes no mention of any alleged physical disability or adverse job action related to a disability.  Plaintiffs bringing claims pursuant to the ADA "must comply with the same procedural requirements to sue as exist under Title VII."  Zillyette v. Capital One Fin. Corp., 179 F.3d 1337, 1339 (11th Cir. 1999).  "'[B]efore filing suit under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC.'"  Moore v. Hillsborough County Bd. of County Comm'rs, 544 F. Supp.2d 1291, 1305 (M.D. Fla. 2008)(quoting Fry v. Muscogee County School Dist., 150 F. App'x 980, 981-82 (11th Cir. 2005)).  Nothing in this record establishes that plaintiff exhausted administrative remedies for a claim brought pursuant to the ADA.  Cf. Chandra v. Engelhard/ICC, 234 F.3d 1219, 1224-25 (11th Cir. 2000)(employee failed to meet initial jurisdictional requirement for Title VII retaliatory discharge claim based upon national origin discrimination where EEOC complaint alleged retaliation and referred to alleged disability but made no reference to a national origin claim).

### 3. **Florida Civil Rights Act Prerequisites**

Count VIII of plaintiff's Complaint alleges a violation of Florida Civil Rights Act, Fla. Stat. §§ 760.01 et seq. ("FCRA"). Section 760.11, Florida Statutes provides that a person aggrieved by a violation of the FCRA may file a complaint with the Florida Commission on Human Rights ("FCHR") within 365 days.  "In lieu of filing a complaint with the [FCHR], a

complaint under this section may be filed with the federal [EEOC]." Fla. Stat. § 760.11(1) If the FCHR determines there is reasonable cause to believe that a discriminatory practice has occurred in violation of the FCRA, then the aggrieved person may either bring a civil action in court or request an administrative hearing. Fla. Stat. § 760.11(4). If the FCHR "determines that there is not reasonable cause to believe that a violation of the [FCRA] has occurred, the [FCHR] shall dismiss the complaint" and "[t]he aggrieved person may request an administrative hearing" within 35 days. Fla. Stat. § 760.11(7). "If the aggrieved person does not request an administrative hearing within 35 days, the claim will be barred." Id.

Brooks filed both a Charge of Discrimination with the EEOC (Doc. 5-5) and a "Complaint of Discrimination" with the FCHR. (Doc. 5-6.)[7] On December 19, 2008, the FCHR issued a "Notice of Determination: No Cause" stating that "there is no reasonable cause to believe that an unlawful employment practice occurred." (Doc. 5-4.) The FCHR advised Brooks that she must request an administrative hearing within 35 days, and that failure to do so would bar her claim. (Id. (citing Fla. Stat. § 760.11).)

Defendants contend that FCRA claim is barred for failure to exhaust her administrative remedies under the FCRA. (Doc. 5 at 9-10); see Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1205 (11th Cir. 2007); Vandesande v. Miami-Dade County, 431 F. Supp.2d 1245, 1252 (S.D. Fla. 2006); Fla. Stat. § 760.11(7). This is because "[u]nder the FCRA, the complainant's only recourse once the complaint is dismissed [by the FHRC] is to request an administrative hearing within 35 days. . . . If the complainant does

---

[7] The same standards apply to the Court's consideration of the FCHR documents as to the EEOC charge of Discrimination. See supra at 6 n.11.

13

not request an administrative hearing within that time, the claim will be barred under the FCRA." Wilson v. Hilton Hotels Corp., No. 6:05CV47ORL-22DAB, 2005 WL 1051144, at *2 (M.D. Fla. April 4, 2005)(citing Fla. Stat. § 760.11(7))(unpublished opinion). Given the specific finding of the FHRC, Brooks must establish that she indeed exhausted her state administrative remedies and that her FCRA complaint is not barred.

### 4. **Adequacy of Allegations**

On re-pleading, Brooks must alleged sufficient facts to make each claim for relief "plausible on its face." Ashcroft, 129 S.Ct. at 1349. Specifically, plaintiff's complaint must contain direct or inferential allegations of facts respecting all material elements of her claims for violation of the Family Medical Leave Act, see Drago v. Jenne, 453 F.3d 1301, 1305-06 (11th Cir. 2006); Strickland v. Water Works and Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1206-07 (11th Cir. 2001); O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1352 (11th Cir. 2000); 29 § U.S.C. § 2615(a) & (b); intentional infliction of emotional distress, e.g. Foreman v. City of Port St. Lucie, 294 F. App'x 554, 557 (11th Cir. 2008)(citing Metro Life Ins. Co. v. McCarson, 467 So.2d 277, 278 (Fla. 1985)); Vance v. S. Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7; (11th Cir. 1993); Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993); and conduct creating a hostile work environment, including the presence of severe and pervasive harassment based on a protected characteristic. E.g. Corbitt, 573 F.3d at 1239-42; Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275-80 (11th Cir. 2002). As currently pleaded, the allegations are insufficient to overcome a motion to dismiss as to these causes of action.

It is hereby

14

**ORDERED**:

1. Defendants' Motion To Dismiss Plaintiff's Complaint (Doc. 5) is **GRANTED**. Plaintiff may file an Amended Complaint consistent with this Order no later than **October 28, 2009**.

2. Defendants' response to plaintiff's Amended Complaint is due **November 23, 2009**.

3. Until the pleadings are settled, the parties may delay filing a Case Management Report pursuant to Local Rule 3.05.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of September, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:
Counsel of Record